# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIE BALLE, | ) |
| | ) |
|         Plaintiff, | ) |
| v. | )   No.: 19-cv-1213-JBM |
| | ) |
| TERI KENNEDY, et al., | ) |
| | ) |
|         Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, files a claim under 42 U.S.C. § 1983, alleging that, due to unconstitutional conditions of confinement at the Pontiac Correctional Center ("Pontiac"), he was injured in the course of his prison employment. The case is before the Court for a merit review pursuant to 28U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## FACTS

Immediately prior to the events at issue, Plaintiff had a job working in the dining room of the Pontiac Medium Security Unit where he is confined. On December 27, 2018, Officer Deal, not a party, told him that he was being reassigned to work as a dishwasher. Plaintiff was

unhappy with the assignment and complained to an unidentified kitchen supervisor. The kitchen supervisor told him that Defendant Dietary Manager Danny Hobart had made the change. On January 2, 2019, Plaintiff reported to the kitchen where he spoke with supervisor Susie Hobart. Plaintiff informed Ms. Hobart that he did not want to work in the dish room where he would have to carry hot water. Ms. Hobart believed that a mistake had been made but indicated that Plaintiff would have to work in the dish room until the matter was sorted out.

Ms. Hobart also told Plaintiff that there had been no hot water in the kitchen sink for over four months. She told Plaintiff that she had personally placed 10 or more work orders and that the other food supervisors had done the same. As there was no hot water, Plaintiff had to carry water from large kettles setting on the floor. Plaintiff estimates that each kettle held 65 to 70 gallons of water. Plaintiff had to dip buckets, some without handles, into the boiling water and carry the water 40-50 feet to the sink. Plaintiff asserts that the floor in front of the kettles had missing tiles and there were divots in the concrete flooring underneath, some 4 to 5 inches deep.

Several hours later, while Plaintiff was carrying a 5-gallon bucket of boiling water, his boot became stuck in a divot on the floor. Plaintiff fell onto his back, spilling boiling water onto the lower portion of his left arm. Plaintiff alleges that he sustained second and third degree burns to his lower arm and well as injury to his legs and back, from the fall.

Ms. Hobart responded, and ran to get the First Aid kit mounted on the wall only to find it was empty. Plaintiff states, without explaining the basis for this belief, that the First Aid kit had been empty for many years. Defendant Susie Hobart called an emergency code and left the unit to inform the overseeing officer of the medical emergency. Plaintiff indicates that he was eventually seen by a nurse and immediately taken to the healthcare unit.

Plaintiff alleges that Warden Teri Kennedy, Dietary Manager Danny Hobart, Food Supervisors Mr. Harbarger and Susie Hobart, and a Doe Maintenance Supervisor all had direct knowledge of the conditions in the kitchen and that "an accident would eventually occur…" He asserts that, despite this knowledge, Defendants "implemented, enforced, created, and authorized policies and practices requiring the Plaintiff to carry boiling hot water from the kettles to the sink…". He also asserts a claim against the identified Defendants and an additional Doe Health Care Employee for the delay in treating his burns due to the lack of equipment in the First Aid kit.

**ANALYSIS**

To prevail on an Eighth Amendment claim based on inadequate conditions, a prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Shannon v. Stegemiller*, No. 16-01725, 2018 WL 3753496, at *3 (S.D. Ind. Aug. 8, 2018). (internal citations omitted). "Deliberate indifference" requires a showing of the official's subjective awareness of the risk. *Farmer v. Brennan,* 511 U.S. 825, 829 (1994). This is, that "Defendants were aware of the harm and deliberately indifferent to [plaintiff's] health and safety." *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016) (per curiam).

Generally speaking, "slip-and-fall accidents almost never support a constitutional claim." *Pyles v. Fahim*, 771 F.3d 403, 410 at n. 25 (7th Cir. 2014). This is so as "[a]n accident is not punishment because it is unintentional. Only injury resulting either from a defendant's intentional actions or his or her deliberate indifference-conscious disregard of a known, serious risk to the prisoner-can be considered punishment. *Blankenship v. Kittle*, No. 03-3573, 2003 WL

22048712, at *1–2 (N.D. Ill. Aug. 6, 2003) (internal citations omitted). Here, however, Plaintiff claims that, despite his protests, he was required to carry boiling water in a 5-gallon bucket across a divoted and uneven floor. This is enough to state a colorable deliberate indifference claim at this stage. *See Shannon*, 2018 WL 3753496, at *4 (summary judgment denied where Defendants were aware of defect in machinery used in plaintiff's prison job and did not take reasonable measures to prevent the harm).

Plaintiff, however, names Food Supervisors Harbarger and Hobart who apparently submitted multiple work orders to have the problem fixed. Plaintiff does not assert that either had the authority or expertise to fix the sink, or otherwise indicate what action they could have taken. *See Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992) (emphasis in original) (to be liable defendants must have had "*actual* knowledge of *impending* harm *easily* preventable.") *See also, McGill v. Duckworth*, 944 F.2d 344, 348–49 (7th Cir. 1991) (prison employees not to be taxed "with the effects of circumstances beyond their control"). Defendants Harbarger and Susie Hobart are DISMISSED.

It is unclear whether Dietary Manager Danny Hobart or the Doe Maintenance Supervisor had the authority to remedy the situation, but they may reasonably be expected to have had knowledge of the problem. This particularly, as it is presumed that the series of work orders had been directed to the Doe Maintenance Supervisor. These two Defendants will remain, pending a more fully developed record.

Plaintiff also names Warden Teri Kennedy but does not establish that she had personal knowledge of these conditions. He, in fact, appears to implicate Warden Kennedy only due to her supervisory position. The doctrine of *respondeat superior* (supervisor liability), however,

does not apply to actions filed under 42 USC §1983. *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992). Defendant Kennedy is DISMISSED as well.

Plaintiff fails to state a claim against any Defendant as to the inadequate First Aid Kit. A failure to replenish the kit sounds, at worst, in negligence and does not reach the level of a constitutional claim. *See, generally, Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (negligently inflicted harm does not amount to a constitutional violation.) This claim is DISMISSED as is the Doe Health Care Employee.

**IT IS THEREFORE ORDERED:**

1. This case shall proceed solely on the deliberate indifference clams against Defendants Danny Hobart and the Doe Maintenance Supervisor. Plaintiff is advised that it will be his responsibility, through initial disclosures and discovery, to identify the Doe Defendant. All other claims will not be included in the case, except in the Court's discretion upon motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15. Defendants Warden Kennedy, Susie Hobart, Mr. Harbarger and the Doe Health Care Employee are DISMISSED.

2. Plaintiff files [4] a motion for recruitment of pro bono counsel but provides only a list of attorneys from whom he ostensibly requested representation. The Court does not find this sufficient to establish that Plaintiff made a good faith effort to obtain counsel on his own. [4] is DENIED. In the event that Plaintiff renews his motion for appointment of counsel, he is to provide copies of the letters sent to, and received from, prospective counsel. *See Pruitt v. Mote*, 503 F.3d 647, 654-55(7th Cir. 2007).

3. Plaintiff files a petition to proceed in forma pauperis, IFP [7], but has paid the filing fee in full. [7] is rendered MOOT.

5

4. The Clerk is directed to send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) a copy of this Order.

5. If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service on that Defendant and will require that Defendant pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2). If a Defendant no longer works at the address provided by Plaintiff, the entity for which Defendant worked at the time identified in the Complaint shall provide to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information will be used only for purposes of effecting service. Documentation of forwarding addresses will be maintained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the time prescribed by Local Rule. A Motion to Dismiss is not an answer. The answer is to include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings are to address the issues and claims identified in this Order.

7. Plaintiff shall serve upon any Defendant who has been served, but who is not represented by counsel, a copy of every filing submitted by Plaintiff for consideration by the Court, and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service will be stricken by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's

document electronically and send notice of electronic filing to defense counsel. The notice of electronic filing shall constitute notice to Defendant pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the depositions.

10. Plaintiff shall immediately notice the Court of any change in mailing address or phone number. The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO**:

1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; AND,

2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES.

LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).

ENTERED: 10/18/2019

                                                           s/ Joe Billy McDade
                                                    JOE BILLY McDADE
                                      UNITED STATES DISTRICT JUDGE